E-Filed 8/9/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUGENE BOYD,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | No. C-06-07166 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>**[Re Docket Nos. 25, 26, 28]** |

　　　Plaintiff Eugene Rene Boyd ("Boyd") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to obtain review of the Commissioner's final decision denying his claim for Supplemental Security Income (SSI) benefits. Plaintiff seeks an order reversing the final decision of the Commissioner and awarding benefits or alternatively remanding for further proceedings. Presently before the court are the parties' cross-motions for summary judgment. Pursuant to this court's procedural order for review of social security actions, the motions have been submitted for decision

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT—C-06-07166 RMW
ASA

without oral argument. Having considered the parties' papers and the administrative record, the court grants defendant's motion and denies plaintiff's motion.

## I. BACKGROUND

This claim arises under Title XVI of the Social Security Act. On February 10, 2003 an application for SSI benefits was filed on behalf of Boyd, a minor. His application was denied initially on June 13, 2003 and on reconsideration on June 21, 2003. Administrative Transcript ("Tr.") 19. The Appeals Council granted review and upon remand a hearing was held on January 31, 2006. Tr. 19. The second ALJ hearing found that Boyd was not disabled and the Appeals Council denied further review. Tr. 9. Thereafter, Boyd sought judicial review.

Plaintiff was born on August 5, 1991 in San Jose, California. Tr. 470. Both parents suffered from schizophrenia and separated in 1995. Plaintiff's father unexpectedly passed away when plaintiff was 13 years old. Tr. 470. In part because of his father's passing, plaintiff suffered from depression; he was disagreeable at home; he threatened one of his siblings with a knife; he was hearing voices and not sleeping much; and was attending special education classes in school. Tr. 91. Plaintiff attended child therapy at the Child Guidance Clinic for behavioral and psychological problems beginning in 2001. Tr. 479. Since the passing of his father, plaintiff's mother became more concerned with his violent behavior, self-isolation, and depression. Tr. 368-69. However, the record shows that plaintiff intermittently attended child counseling sessions throughout this time. Tr. 353-468. Plaintiff's school records in 2005 show a 0.5320 academic GPA and enrollment in the special education program at Greenfield Middle School. Tr. 180-81. However, these schools records also indicate 20 school-day absences. *Id.* Several of plaintiff's teachers in middle school as well as in high school have given evaluations of plaintiff. His middle school teacher indicated difficulty in reading, writing, and math comprehension yet no other pressing problems in task completion, object manipulation or self-care. Tr. 294-300. A high school Resource Specialist at plaintiff's high school filled out a child functional assessment indicating plaintiff showed "marked" limitation in two areas: "acquiring and using information" and "attending and completing tasks." Tr. 185.

1    At the request of the Social Security Administration, several doctors and psychologists also evaluated plaintiff throughout this time period.  Plaintiff takes no prescription medication other than over the counter pain relievers for headaches or rare chest pains, and other similar minor ailments. Tr. 142, 479.  Although depression medication has been recommended and prescribed for the plaintiff, he refuses this medication.  Tr. 479.  Plaintiff was never employed due to his minority at all times relevant to the Commissioner's decision.  Tr. 22.

## II. LEGAL STANDARDS

The Commissioner's decision (here ALJ's decision) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. 42 U.S.C. 405(g); *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).  Substantial evidence is more than a mere scintilla but less than a preponderance. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Still, the court must "consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [ALJ's] conclusion." *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Where evidence exists to support more than one rational interpretation, the court must defer to the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Sandgathe v. Chater*, 108 F. 3d 978, 980 (9th Cir.1997).

## III. ANALYSIS

### A. The Three-Step Sequential Evaluation of a Minor's Disability

To receive supplemental security income benefits, a minor must establish that he is not engaged in substantial gainful activity (20 C.F.R. § 416.924(b)), that he has a medically determinable "severe" impairment or combination of impairments that is "severe" (*Id.* § 416.924(c)), and that the impairment meets, medically equals, or functionally equals a listed impairment (*Id.* § 416.924(d)).

Within this third step, to determine whether an impairment functionally equals a listing, the ALJ uses six domains to assess a claimant's functioning that include acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and

manipulating objects; caring for oneself; and one's health and physical well-being. *Id.* § 416.926a(b)(1)(i-vi). To qualify for SSI benefits, the minor must be found to have an "extreme" limitation in one out of the six domains, or to have "marked" limitation in at least two of the six domains. *Id.* § 416.926a(d). A "marked" limitation is one which renders the minor incapable of independently initiating, sustaining, or completing activities without serious interference. *Id.* § 416.926a(e)(2). An "extreme" limitation is one which renders the minor incapable of independently initiating, sustaining, or completing activities without very serious interference. *Id.* § 416.926a(e)(3).

### B. The ALJ's Findings

The ALJ determined that plaintiff has never worked for profit and thus was never engaged in substantial gainful activity, meeting the first-step requirement (20 C.F.R. §§ 416.924(b), 416.972). Tr. 22. The ALJ also determined that plaintiff met the second-step requirement in that he suffers from depression, oppositional defiant disorder, and low intellectual functioning as shown by several psychological evaluations and treatment records (20 C.F.R. § 416.924(c)). *Id.* Yet, the ALJ determined that plaintiff did not meet the third-step requirement in that he did not have the requisite clinical findings to show having an impairment which meets, medically equals or functionally equals the listings (20 C.F.R. §§ 416.924, 416.925, 416.926). Tr. 23. From the statements of plaintiff's teachers, counselors, medical evaluations, treatment records, and from the testimony of the hearing, the ALJ determined that plaintiff's severe impairments caused marked limitation in the domain of acquiring and using information, but less than a marked limitation or no limitation in the other five domains. Tr. 26-32. The ALJ reasoned that although plaintiff may have symptoms of alleged impairments, the severity of these symptoms was not enough to entitle him to SSI benefits and neither were statements regarding their effects entirely credible. Tr. 23.

The primary issue on appeal is whether the ALJ erred in determining that there was no marked limitation in domain two, attending and completing tasks. If plaintiff has a marked limitation in this domain, then he will be eligible for SSI benefits because he will have been found to have marked limitation in two domains and the other eligibility requirements are met. Plaintiff

challenges the ALJ's determination that he did not have a marked limitation in domain two and offers the following arguments.

### C. The Parties' Contentions

Plaintiff contends that the ALJ's conclusion is not supported by substantial evidence because the ALJ failed to properly evaluate the evidence of record. Plaintiff first contends that the evidence the ALJ relied on is "stale" and can not be used to support the findings. *See* Reply at 4. He contends, rather, that later submitted evidence supports a finding of disability. *See id.* This later evidence consists of the opinion of Dr. John Zhang, Psy.D., a consultative psychologist, that plaintiff would have moderate to high levels of difficulty in age-appropriate adaptive functioning; the high school Resource Specialist's assessment indicating plaintiff's limited ability to focus; and plaintiff's middle school report card showing below average and poor grades to demonstrate his alleged marked limitation in attending and completing tasks. *See* Plaintiff's Motion at 6.

Defendant argues that the ALJ's decision was supported by substantial evidence and that plaintiff's contentions are without merit. Defendant argues that three other State agency consultant doctors concluded that plaintiff had less than a marked or no limitation in domain two and that the opinion of Dr. Zhang was properly given little weight in that he "did not frame his opinion in terms of the functional domains" and his opinion was inconsistent with plaintiff's treatment records. Defendant's Motion at 5-6. Defendant further asserts that the ALJ's assessment of plaintiff's behavior during the hearings and plaintiff's school records is correct in that plaintiff has little if any limitation in an ability to attend and complete tasks. *See* Defendant's Motion at 5-7.

### D. The ALJ's Opinion is Supported by Substantial Evidence

Although plaintiff correctly states that the ALJ must review the record as a whole and not merely the evidence tending to support a finding, it appears that plaintiff urges that the ALJ should have disregarded a multitude of prior evidence and given controlling weight to a few more recent assessments because the prior evidence is allegedly stale. Plaintiff offers no legal authority in support of his "staleness" argument and the court finds it to be without merit. Plaintiff's argument is contrary to the ALJ's duty to consider all of the evidence as a whole. Furthermore, when a court

1  reviews a decision of an ALJ on appeal, the court must defer to the ALJ's decision as long as there is
2  evidence to support more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679
3  (9th Cir. 2005); *Sandgathe v. Chater*, 108 F. 3d 978, 980 (9th Cir.1997).  Here, the record contains a
4  multitude of medical and psychological evaluations, teacher assessments, student grades, guidance
5  counseling appointments and notes to support the ALJ's decision and it is not the role of this court to
6  re-weigh the evidence.

### 1. The ALJ Did Not Err in His Treatment of Dr Zhang's Opinion

8  Dr. Zhang's medical opinion does not speak directly to plaintiff's ability to attend and
9  complete tasks as it was not framed in the language of the six domains and does not indicate to
10 which domain this assessment would apply.  Thus, Dr. Zhang stands alone in his opinion that
11 plaintiff will have a moderate to high level of difficulty in age appropriate functioning.  Tr. 472.
12 Also, plaintiff took none of the prescription medications given him and no treatment records support
13 Dr. Zhang's opinion.  Tr. 26, 472.  *See* 20 C.F.R. § 404.1530 (where a claimant's refusal to follow
14 prescribed treatment may lead to a finding of no disability).  By contrast, consultative non-
15 examining doctors De La Rosa, Luyen Luu and Marina Vea were of the opinion that plaintiff had
16 less than a marked limitation or no limitation in domain two.  Tr. 312-13, 322-25.  The opinions of
17 non-treating, non-examining physicians can serve as substantial evidence when those opinions are
18 consistent with the information and evidence of record.  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th
19 Cir. 2002). Accordingly, the opinions doctors De La Rosa, Luu and Vea constitute substantial
20 evidence to support the ALJ's finding that plaintiff is not disabled.  Tr. 312-13, 322-25.  Plaintiff
21 offers no legal authority to support his assertion that in weighing the evidence the ALJ was required
22 to reject older assessments in favor of newer ones.  In light of these factors, the ALJ did not err in
23 his treatment of Dr. Zhang's psychological evaluation.

### 2. The Proper Domains

25 Plaintiff makes a passing contention that the ALJ erred in considering his participation in
26 after school sports and ability to concentrate during the hearing as evidence relating to the domain of
27 attending and completing tasks and suggests that it speaks more to domain three, interacting and
28 relating with others.  *See* Plaintiff's Motion at 6.  The court is not persuaded.  The regulations state

1  that a child without an impairment in domain two will be able to sustain his attention to partake in
2  group sports and that a child with an impairment in domain two is slow to focus on or fails to
3  complete games and activities. 20 C.F.R. §§ 416.926a(h)(2)(iv), 926a(h)(3). By contrast, domain
4  three focuses more on plaintiff's ability to understand and display social rules of interaction among
5  peers, family and strangers as well as maturity in self-expression. 20 C.F.R. § 416.926a(i)(2)(v).
6  The ALJ did not err in his treatment of this evidence.

### 3. The Evidence of Record

The ALJ's decision is also supported by other evidence in the record, including Boyd's sixth-grade teacher's questionnaire, records from the Child Guidance Clinic and the testimony of plaintiff and plaintiff's mother. In 2003, plaintiff's sixth-grade teacher, Mr. Daniel Hansford, filled out an evaluation provided by the State of California Department of Social Services Disability and Adult Programs Division. Tr. 292. Mr. Hansford had spent seven months directly working with plaintiff in several school subjects and was his primary teacher. Tr. 293. His evaluation indicates that he believed plaintiff had functioning problems in domain one, acquiring and using information, because he lacked the basic skills needed and had a hard time with spelling, writing, reading comprehension and math problem-solving. Tr. 294. In domain two, attending and completing tasks, Mr. Hansford indicated that he had observed no problems and that functioning was age-appropriate. Tr. 295. In no other domain did Mr. Hansford find plaintiff having a "serious" or "very serious" problem. Tr. 296-298. Thus, this evidence supports the ALJ's finding of no disability.

Records from the Child Guidance Clinic from years 2004 to 2005 show that although plaintiff may have been suffering from depression, he was able to follow directions and group rules, partake in group discussion, and showed no signs of impairment in participation and contribution. Tr. 363, 380. Records show that at that time, plaintiff was not taking any medications nor had he been hospitalized for psychiatric evaluation. Tr. 361. The main objective of return visits was to assist plaintiff in increasing his ability to verbally express his feelings appropriately instead of having angry outbursts. Tr. 364. From these records, it is not evident that plaintiff was having any difficulty in domain two, let alone a marked or serious limitation. The ALJ correctly concluded that there was substantial evidence of no disability.

Lastly, at the second hearing, plaintiff told the ALJ that he was attending the ninth grade, and although he was in special education English and Math courses, he was in the regular classes for the rest of his academic load and had never been held back from any grade. Tr. 496-97. He also indicated that he was part of the school football team, participated in weightlifting, generally liked high school and enjoyed the company of more students. Tr. 496-98. Plaintiff's mother testified that he was not taking any medications and although he was still showing aggression at home, his grades were improving as he was doing "really well," he had friends of his age, loved school and was "progressing." Tr. 500-04.

From the testimony and other evidence of record, the ALJ concluded that plaintiff had no marked limitation in attending and completing tasks. Tr. 28. Where the evidence as a whole can support either outcome, the ALJ's judgment cannot be disturbed and the court must defer to the ALJ's decision. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The standard is met here and the ALJ's decision is affirmed.

## IV.  ORDER

For the foregoing reasons, the court grants defendant's motion for summary judgment and denies plaintiff's motion for summary judgment.

DATED:      8/9/10

RONALD M. WHYTE
United States District Judge